# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Odis W. M., | Civ. No. 20-311 (DSD/BRT) |
| Plaintiff, | |
| v. | **REPORT AND** |
| Andrew Saul, | **RECOMMENDATION** |
| Commissioner of Social Security, | |
| Defendant. | |

James H. Greeman, Esq., Greeman Toomey, counsel for Plaintiff.

Elvi Jenkins, Esq., Social Security Administration, counsel for Defendant.

BECKY R. THORSON, United States Magistrate Judge.

Pursuant to 42 U.S.C. § 405(g), Plaintiff seeks judicial review of the final decision of the Commissioner of Social Security ("the Commissioner") denying his application for Social Security disability insurance benefits and supplemental security income. This matter is before the Court on the parties' cross-motions for summary judgment, in accordance with D. Minn. LR 7.2(c)(1). (Doc. Nos. 12, 15.) The matter is referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636 and D. Minn. L.R. 7.2, 72.1. For the reasons stated below, this Court recommends that Plaintiff's motion be denied, and Defendant's motion be granted.

## BACKGROUND

Plaintiff filed for disability insurance and supplemental security income on October 25 and 26, 2016, at the age of 49. (Tr. 10.)[1] He has a high-school education, with past relevant work as a packager/inspector, dietary aide, stocker, and home health aide. (Tr. 20, 289.) Plaintiff suffers from mental and physical impairments that include alcohol use disorder, anxiety, depression, degenerative disc disease and borderline intellectual functioning. (Tr. 13.) Plaintiff's applications were denied initially and on reconsideration. (Tr. 10; 128–32; 136–38.) He requested a hearing before an Administrative Law Judge ("ALJ"), and that hearing was held on December 11, 2018. (Tr. 10; 27–56; 143–44.) At that hearing, Plaintiff amended his alleged disability onset date to April 28, 2017, his 50th birthday. (Tr. 33.) The ALJ received certain exhibits into the record, along with testimony from Plaintiff and a vocational expert, but denied Plaintiff's request to hold the record open to receive additional records because they were not referenced in Plaintiff's five-day letter and thus not compliant with the five-day rule. (Tr. 29–53.)

On January 23, 2019, the ALJ issued her decision, finding Plaintiff not disabled within the meaning of the Social Security Act and denying Plaintiff's applications. (Tr. 10–22.) The ALJ proceeded through the five-step evaluation process[2] provided in the

---

[1]   Throughout this Report and Recommendation, the abbreviation "Tr." is used to reference the Administrative Record (Doc. No. 10).

[2]   "During the five-step process, the ALJ considers (1) whether the claimant is gainfully employed, (2) whether the claimant has a severe impairment, (3) whether the impairment meets the criteria of any Social Security Income listings, (4) whether the impairment prevents the claimant from performing past relevant work, and (5) whether the impairment necessarily prevents the claimant from doing any other work." *Goff v.*

Social Security regulations, ultimately concluding that Plaintiff had the residual functional capacity ("RFC") to perform light work, with certain limitations (including both physical and mental limitations), and, based on the vocational expert's testimony, was able to perform his past work as a packager/inspector. (Tr. 13–21.)

The sole issue now on appeal is whether the ALJ committed an error when she did not receive into evidence the clinic records that were not timely submitted to her prior to the hearing.

## DISCUSSION

### I.   Standard of Review

The Court's review of an ALJ's determination is performed with deference to the ALJ. *See Kelley v. Barnhart*, 372 F.3d 958, 960 (8th Cir. 2004) ("Our review of the Commissioner's decision . . . is deferential, and we do not substitute our own view of the evidence for that of the Commissioner."). The Commissioner's findings "as to any fact, if supported by substantial evidence, shall be conclusive . . . " 42 U.S.C. § 405(g). The Court only reviews the ALJ's conclusions to determine whether they are consistent with the law and whether they are supported by substantial evidence in the record as a whole. *Baker v. Barnhart*, 457 F.3d 882, 892 (8th Cir. 2006); *Tellez v. Barnhart*, 403 F.3d 953, 956 (8th Cir. 2005). "Substantial evidence is relevant evidence which a reasonable mind would accept as adequate to support the Commissioner's conclusion." *Haggard v. Apfel*, 175 F.3d 591, 594 (8th Cir. 1999). Where substantial evidence supports the

---

*Barnhart*, 421 F.3d 785, 790 (8th Cir. 2005) (citation omitted).

3

Commissioner's findings, the Court should not reverse those findings merely because other evidence exists in the record to support the opposite conclusion. *Mitchell v. Shalala*, 25 F.3d 712, 714 (8th Cir. 1994). However, the Court's deference to the ALJ is not absolute. Where an ALJ fails to adequately support their determination, the Court may remand. *See, e.g.*, *Weber v. Colvin*, No. 16-cv-332 (JNE/TNL), 2017 WL 477099, at *26 (D. Minn. Jan. 26, 2017) (noting that the ALJ must demonstrate some "logical bridge" between the evidence and their conclusions, and must "explain[ ] adequately the evidence relied upon" in making a determination).

## II.     Analysis

The issue raised in this appeal is whether the ALJ's decision to exclude certain records pursuant to the five-day rule should be affirmed, or whether an exception to that rule applies and therefore the ALJ's decision should be reversed or remanded for further consideration of the missing records. The five-day rule requires that all evidence must be submitted to the ALJ "no later than five business days before the date of the scheduled hearing." 20 C.F.R. §§ 404.935(a), 416.1435(a). There are only three exceptions to the five-day rule:

> (1) [The Social Security Administration's] action misled you; (2) You had a physical, mental, educational, or linguistic limitation(s) that prevented you from informing us about or submitting the evidence earlier; or (3) Some other unusual, unexpected, or unavoidable circumstance beyond your control prevented you from informing us about or submitting the evidence earlier.

20 C.F.R. §§ 404.935(b), 416.143(b).

4

At the beginning of the hearing before the ALJ, the ALJ asked Plaintiff's counsel whether the record was complete. (Tr. 29.) Plaintiff's counsel responded that it was except for some missing clinic records from the North Memorial Clinic that he believed existed regarding treatment that Plaintiff received from Dr. Van Dijk.³ (Tr. 29–30.) Plaintiff's counsel acknowledged that "records [that were already received and submitted] from Hennepin County . . . shows Dr. Van Dyke is signing a county form and then a medication list," and that he had talked to the Plaintiff more than five business days before the hearing, but that he did not realize that records were missing from that doctor until he was discussing the medication list with Plaintiff on the day of the hearing.⁴ (Tr. 30.) The ALJ then explained:

> . . . Well, that does not sound like an exception to the five day rule. If it is something that he could be showing you more than five business days

---

³ Plaintiff represents that the spelling of the doctor's last name is "Dijk" in his brief; the name was spelled "Dyke" by the court reporter at the hearing. Plaintiff first began treating with Dr. Van Dijk in April 2018 for headaches, and Dr. Van Dijk referred Plaintiff for therapy, noting Plaintiff was "going through multiple life stressors." (Doc. No. 12, Mem. in Supp. of Pl.'s Mot. for Summ. J. ("Pl.'s Mem.") 6.) Plaintiff also references that he visited Dr. Kaster, the psychologist from the same clinic as Dr. Van Dijk. (*Id.* at 7.)

⁴ Specifically, in response to the ALJ's questions about why the documents were not realized more than five business days before the hearing and whether counsel had talked to Plaintiff more than five business days before the hearing, Plaintiff's counsel stated the following:

> Yes. We have. We updated with the claimant more than two months ago, Your Honor, and we've been in contact with him throughout the update period. But it is one of those things where we sit down and we are talking. He is showing his medication bottles that I was able to realize that we may be missing records.

(Tr. 30–31.)

> before including those medication bottles and you know also these medication lists are subject to the five day rule . . . . I know some judges treat them differently but it is clear that they are. So I am not going to hold the record open for them. If they were included in your five day letter that would be a different story. They are not.

(Tr. 31.) In her written decision following the hearing, after citing the five-day rule and its exceptions, the ALJ further explained why the additional evidence was not received:

> The claimant submitted or informed the Administrative Law Judge about additional written evidence less than five business days before the scheduled hearing date. The undersigned Administrative Law Judge declines to admit this evidence because the requirements of 20 CFR 404.935(b) and 416.1435(b) are not met. At the hearing, claimant's attorney did not provide an exception to the five day rule. Mr. Toomey's office has represented claimant since 2016. This gave his office ample time to make sure the record was complete. At the hearing, the undersigned denied the motion to leave the record open in order to submit these records. After this denial, claimant's attorney submitted records. They are not admitted, as they do not fall within an exception to the five day rule. They would not change the ultimate determination in this decision.

(Tr. 10–11.)

On appeal, Plaintiff argues that an exception to the five-day rule did exist, and therefore the ALJ erred by excluding Dr. Van Dijk's clinic records. Specifically, Plaintiff asserts that the third exception applies,[5] and that there was an "unusual, unexpected, or unavoidable circumstance beyond [counsel's] control [that] prevented [counsel] from informing [the ALJ] about or submit[ing] the evidence earlier." 20 C.F.R. §§ 404.935(b)(3), 416.143(b)(3). In particular, Plaintiff claims that because Plaintiff requested all records from North Memorial Medical Center, and previously when Plaintiff has made such a request North Memorial Medical Center has provided both

---

[5] Plaintiff does not argue that either of the other two exceptions apply.

6

clinical and medical records, it was an "unusual, unexpected, or unavoidable circumstance" when the Center only provided the medical records and not clinical records. (Pl.'s Mem. 14–15.) Plaintiff's counsel asserts that he did not realize this circumstance until the day of the hearing, when he was looking at Plaintiff's medication bottles and realized the medications were prescribed by a doctor whose name he did not recall from the North Memorial Medical Center records. (*Id.* at 15.)

This Court concludes that the ALJ's determination that the exception did not apply is supported by the record. When a plaintiff attempts to submit late evidence, the plaintiff has the burden of proving why one of the exceptions to the five-day rule applies. *See Nino v. Berryhill*, No. 3-18-cv-82-CRW-SBJ, 2019 WL 3491929, at *1–2 (S.D. Iowa Apr. 11, 2019) (finding plaintiff did not fulfill her burden). Under the circumstances of this case, it is not enough that counsel did not realize the documents were missing until the day of the hearing. "Each party must make every effort to ensure that the administrative law judge receives all of the evidence . . . no later than 5 business days before the date of the scheduled hearing." 20 C.F.R. § 416.1435(a). Here, Plaintiff's counsel did not "make every effort" to ensure that the record was complete. Instead, he acknowledged at the hearing that records he previously reviewed showed that Dr. Van Dijk was the signatory to a county form and a medication list, and it is undisputed that Plaintiff had been seeking treatment from Dr. Van Dijk since April 2018 – eight months prior to the hearing. Further, Plaintiff's counsel stated that he had communicated with Plaintiff more than two months before the hearing and that they had been in contact throughout the update period. "A claimant must . . . show due diligence and that the delay

7

was outside of her control." *Wasen A. v. Saul*, No. 18-cv-03242 (SRN/LIB), 2020 WL 823095, at *5 (D. Minn. Jan. 31, 2020), *report and recommendation adopted*, 2020 WL 818908 (D. Minn. Feb. 19, 2020); *see also* 20 C.F.R. §§ 404.935(b), 416.143(b) (stating the third exception requires that "[s]ome other unusual, unexpected, or unavoidable circumstance *beyond your control* prevented you from informing us about or submitting the evidence earlier") (emphasis added); *Midkiff v. Berryhill*, No. 2:18-cv-0038, 2018 WL 8620562, at *11 (S.D. W. Va. Dec. 10, 2018) ("While 20 C.F.R. § 404.935(b)(3)(iv) does not require a claimant to demonstrate that a delay in submitting evidence was through no fault of his own, the regulation does explicitly require that the delay be *outside of the claimant's control*.") (emphasis in original). Here, obtaining and submitting the clinic records was within claimant and his counsel's control.

Plaintiff's counsel had the opportunity to sort through the records received to determine whether the clinic records were included and to confirm all relevant records with Plaintiff in the months leading up to the hearing. Here, Plaintiff's counsel was not diligent in reviewing the records. *See Shari Lee Z. v. Saul*, No. 5:19-CV-0268 (GTS), 2019 WL 6840134, at *6 (N.D.N.Y. Dec. 16, 2019) (noting plaintiff's representative "should reasonably have been aware of the missing records given the absence of updated records in the file and his appointment to the case more than six months prior to the hearing" and finding the representative's mistake outside any of the exceptions to the rule). According to the five-day rule itself, it is within the ALJ's discretion whether to admit the evidence. 20 C.F.R. §§ 404.935(a), 416.1435(a) ("If you do not comply with this requirement, the administrative law judge may decline to consider or obtain the

evidence . . . ."); *see Owsley v. Saul*, No. 4:18-CV-01328-SRC, 2020 WL 999203, at *7 (E.D. Mo. Mar. 2, 2020) ("[T]he 5-day rule gives the ALJ discretion to admit or exclude the late-submitted evidence.").

This Court notes that here, like in *Shari Lee Z.*, even though the record might be "incomplete" without the late-submitted records from the clinic, this does not require remand because, "although there is a general duty on the ALJ to ensure a complete record before rendering a decision, the Social Security Administration specifically balanced that duty with the goal of the five-day rule, and '[t]o say that the ALJ was required to admit and consider this evidence despite the fact that it was not submitted in compliance with the five-day rule would make that rule an empty vessel that need not be complied with.'" *Shari Lee Z.,* 2019 WL 6840134, at *7 (quoting *Arthur L. v. Berryhill*, 18-CV-0304, 2019 WL 4395421, at *3–4 (N.D.N.Y. June 6, 2019), *report and recommendation adopted by* 2019 WL 3213229 (N.D.N.Y. July 17, 2019)).

In addition, "an ALJ is permitted to issue a decision without obtaining additional medical evidence so long as other evidence in the record provides a sufficient basis for the ALJ's decision." *Howard v. Massanari*, 255 F.3d 577, 581 (8th Cir. 2001) (citing *Naber v. Shalala,* 22 F.3d 186, 189 (8th Cir. 1994)). Here, the evidence in the record provides sufficient evidence from which the ALJ could assess Plaintiff's mental functioning, including observations from providers (*see, e.g.*, Tr. 348 ("His behavior is normal."); Tr. 356 ("Normal mood and affect. Behavior is normal."); Tr. 448 ("Mental Status: Normal Affect")), and reports regarding his daily activities (*see* Tr. 18); in addition, the record also contains state agency mental opinions from Dr. Lovko and

9

Dr. Sullivan (Tr. 62–76, 77–91, 94–107, 108–21), and a consultative evaluation by Dr. Karayusuf (Tr. 331–34). Therefore, the record here is not so insufficient that it rendered the ALJ incapable of making a determination without the more recent records from Dr. Van Dijk.

And, significantly, while Plaintiff asserts in a heading in his brief that the excluded evidence would show a greater degree of limitations than provided in the ALJ's decision (Pl.'s Mem. 10), Plaintiff does not explain what additional limitations should have been added based on Dr. Van Dijk's (or Dr. Kaster's) clinic notes. This Court does not find that the ALJ erred in excluding the evidence, but even if she did, "[t]o show an error was not harmless, [the plaintiff] must provide some indication that the ALJ would have decided differently if the error had not occurred." *Byes v. Astrue*, 687 F.3d 913, 917 (8th Cir. 2012). Here, there is no indication that the ALJ would have decided differently, as it appears from the ALJ's decision that the ALJ did nevertheless review the records, and she stated "[t]hey would not change the ultimate determination in this decision." (Tr. 11.)

Because this Court agrees that the third exception to the five-day rule does not apply and finds that the ALJ was within her discretion under the regulations to refuse to accept the late-submitted evidence into the record, this Court recommends denying Plaintiff's motion and granting Defendant's motion. *See Groves v. Metro. Life Ins. Co.*, 438 F.3d 872, 875 (8th Cir. 2006) (stating that under an abuse of discretion standard, the court must affirm "if a reasonable person *could* have reached a similar decision") (emphasis in original).

10

## RECOMMENDATION

Based on the foregoing, and all the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's Motion for Summary Judgment (Doc. No. 12) be **DENIED**;

2. Defendant's Motion for Summary Judgment (Doc. No. 15) be **GRANTED**; and

3. Judgment be entered accordingly.


Date: November 30, 2020                    __s/ Becky R. Thorson_____
                                           BECKY R. THORSON
                                           United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within fourteen (14) days after being served a copy" of the Report and Recommendation. A party may respond to those objections within fourteen (14) days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).