```
            UNITED STATES DISTRICT COURT
               DISTRICT OF MINNESOTA
            CIVIL NO. 20-311(DSD/BRT)
```

Odis W. M.,

       Plaintiff,

v.

Andrew Saul,
Commissioner of Social Security,

       Defendant.

This matter is before the court upon the objection by plaintiff Odis W.M.[1] to the November 30, 2020, report and recommendation of Magistrate Judge Becky R. Thorson (R&R). The magistrate judge recommends that the court (1) deny Odis's motion for summary judgment, and (2) grant the motion for summary judgment by defendant Andrew Saul, Commissioner of Social Security (Commissioner). After a de novo review, and for the following reasons, the court overrules Odis's objection and adopts the R&R in its entirety.

## BACKGROUND

This action arises out of Odis's application for social security income (SSI). The complete background of this action is

---

[1] The court's policy is to use only the first name and last initial of non-governmental parties in social security cases. As such, the court will refer to plaintiff by his first name.

fully set forth in the R&R and will not be repeated here. The court will only briefly summarize the history of the present action.

On or about October 25, 2016, Odis filed for SSI based on various mental and physical disabilities. The Administrative Law Judge (ALJ) held a hearing on December 11, 2018, in which she denied Odis's request to admit additional records because the request was untimely under the five-day rule. The five-day rule requires that the parties provide the ALJ with all evidence "no later than five business days before the date of the scheduled hearing." 20 C.F.R. §§ 404.935(a), 416.1435(a). If claimants do not comply, the ALJ "may decline to consider or obtain the evidence, unless [an exception] appl[ies]." Id.

At the beginning of the hearing, Odis's counsel notified the ALJ that he was still waiting for certain records from North Memorial Clinic. The ALJ asked why they were not included in the record, and Odis's counsel responded that he only recently discovered that certain records were missing. Odis's counsel received medical records from North Memorial on November 28, 2018, and submitted them to the ALJ the same day. But he failed to realize that he had not received all of the records.

The ALJ declined to leave the record open for the additional records, finding that (1) Odis had not timely submitted the records at issue, (2) the records did not fall under any exception to the

2

five-day rule, and (3) the records would not change her decision in any event. ECF No. 17, at 5-6.

On January 23, 2019, the ALJ concluded that Odis was not disabled with the meaning of the Social Security Act and denied his application. Odis appealed, arguing that that the ALJ erred in precluding him from submitting the additional records. Both parties moved for summary judgment. On November 30, 2020, the magistrate judge recommended granting summary judgment in Saul's favor. Odis now timely objects.

## DISCUSSION

### I.   Standard of Review

The court reviews de novo any portion of the R&R to which specific objections are made. 28 U.S.C. § 636(b)(1)(c). As noted in the R&R, the court reviews ALJ's determination with deference to the ALJ. See Kelley v. Barnhart, 372 F.3d 958, 960 (8th Cir. 2004). The ALJ's findings "as to any fact, if supported by substantial evidence, shall be conclusive ...." 42 U.S.C. § 405(g). "Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." Byes v. Astrue, 687 F.3d 913, 915 (8th Cir. 2012) (citation omitted). On review, the court considers "both evidence that detracts from and

3

evidence that supports the Commissioner's decision." Hartfield v. Barnhart, 384 F.3d 986, 988 (8th Cir. 2004) (citation omitted).

The court, however, may not "reverse the Commissioner's decision simply because there is evidence supporting a different result." Hall v. Chater, 109 F.3d 1255, 1258 (8th Cir. 1997) (citation omitted). "If the evidence supports two inconsistent conclusions, one of which is that reached by the Commissioner's conclusion, [the court] must affirm the decision." Id. Moreover, a court may not substitute its judgment for that of the ALJ. Fastner v. Barnhart, 324 F.3d 981, 983 (8th Cir. 2003). The court may remand if an ALJ fails to adequately support their determination.

**II. Analysis**

Odis argues that the R&R incorrectly concluded that the missing clinical records do not fall under one of the exceptions to the five-day rule. Specifically, Odis argues that the ALJ should have allowed the records to be a part of the proceedings because "unusual, unexpected, or unavoidable circumstances beyond his control" caused the omission. He argues that the R&R erred in relying on Shari Lee Z. v. Saul, No. 5:19-CV-0268 (GTS), 2019 WL 6840134, (N.D.N.Y. Dec. 16, 2019), in deciding otherwise. He also maintains that the ALJ would have decided the case differently if she had included the records at issue. The court disagrees on all counts.

4

As set forth in the R&R, the ALJ properly determined that the records were correctly excluded under the five-day rule. As noted, the five-day rule requires parties to "make every effort" to submit all evidence "no later than five business days before the date of the scheduled hearing." 20 C.F.R. §§ 404.935(a), 416.1435(a). The ALJ may decline to admit evidence not complying with the rule unless an exception applies. Id. Relevant here, one exception allows claimants to submit late evidence if "[s]ome other unusual, unexpected, or unavoidable circumstance beyond [the claimant's] control prevented [the claimant] from informing [the ALJ] or submitting the evidence earlier." 20 C.F.R. §§ 404.935(b)(3), 416.1435(b)(3). Examples include serious illness, death, or serious illness in the claimant's immediate family, records were destroyed by accident, or the claimant "actively and diligently sought evidence from a source and the evidence was not received or was received less than 5 business days prior to the hearing." 20 C.F.R. §§ 404.935(b)(3)(i)-(iv), 416.1435(b)(3)(i)-(iv). "A claimant must ... show due diligence and that the delay was outside of her control." Wasen A. v. Saul, No. 18-cv-03242 (SRN/LIB), 2020 WL 823095, at *5 (D. Minn. Jan. 31, 2020) (citation omitted), report and recommendation adopted, No. 18-cv-3242 (SRN/LIB), 2020 WL 818908 (D. Minn. Feb. 19, 2020). If a plaintiff tries to submit late evidence, it is plaintiff's burden to prove that one of the exceptions to the five day rule applies. See Nino v. Berryhill,

No. 3-18-cv-82-CRW-SBJ, 2019 WL 3491929, at *1-2 (S.D. Iowa Apr. 11, 2019).

Odis has not met this high burden. Odis's counsel did not "make every effort" to ensure the record was complete, nor does Odis submit evidence that his counsel diligently tried to get the missing records in a timely manner. Given the facts in the record, the ALJ correctly concluded that Odis's counsel was not diligent in securing the records at issue. Specifically, Odis had been a North Memorial patient eight months before the hearing, Odis communicated with his counsel regularly for the two months before the hearing, and Odis's counsel received some North Memorial records on November 28, 2018, before the five-day rule deadline, but failed to review the records to determine if they were complete. The court agrees with the magistrate judge's conclusion that nothing prevented Odis from obtaining and submitting the records at issue in a timely manner.

Further, the R&R properly relied on Shari Lee Z. In that case, the court held that counsel was not diligent because they represented the claimant for more than six months before the hearing and should have been aware that the records were incomplete. Shari Lee Z., 2019 WL 6840134, at *6. Likewise, here, Odis's counsel represented him for the two years preceding the hearing and should have realized much sooner that he was missing records. Odis's counsel argues that the blame lies with the

6

medical service that failed to include the records. But he, like the counsel in Shari Lee Z., assumed without confirming that he received all of the records. See Shari Lee Z., 2019 WL 6840134, at *6 (finding that counsel's mistaken belief that medical records submitted by another party were complete was not an exception to the five-day rule). Given the similarities here, the magistrate judge rightly relied on Shari Lee Z. in assessing this matter.

The court also agrees with the R&R that Odis has not shown that the records at issue would have changed the outcome of his application for SSI. Odis has failed to "provide some indication that the ALJ would have decided differently if the error had not occurred." Byes v. Astrue, 687 F.3d 913, 917 (8th Cir. 2012). The R&R correctly notes that, given the record as a whole, the additional records would not have changed the ALJ's decision. See ECF No. 17, at 6.

The court has carefully reviewed the record and the R&R and finds that the R&R is well reasoned and correct. As such, the court must overrule Odis's objections, grant the Commissioner's motion for summary judgment, and deny Odis's motion for summary judgment.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that:

1. The objection to the R&R [ECF No. 18] is overruled;

2. The R&R [ECF No. 17] is adopted in its entirety;

3. Plaintiff's motion for summary judgment [ECF No. 12] is denied; and

4. Defendant's motion for summary judgment [ECF No. 15] is granted.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated: February 16, 2021

s/David S. Doty
David S. Doty, Judge
United States District Court
